AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
*March 27, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JUAN ANTONIO GUTIERREZ-GUTIERREZ | ) | Case No. |
| | ) | |
| | ) | **4:25-mj-183** |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 26, 2025** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b)(1) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Pasadena, Harris County, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Justin Vedder, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 03/27/2025

_____
*Judge's signature*

City and state: Houston, TX

Dena Hanovice Palermo, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin Vedder, being duly sworn by telephone, hereby depose and say:

(1)　I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 2016. Prior to this assignment, I have held the following positions: US Customs and Border Protection Officer and Immigration Enforcement Agent. My law enforcement career began on January 26, 2004, as a US Customs and Border Protection Officer. I have over 21 years of immigration law enforcement experience.

(2)　On March 26, 2025, at approximately 0630 hours, Juan Antonio Gutierrez-Gutierrez was arrested by ICE. The Defendant also goes by the alias(es) of Juan Antonio Gutierrez, Juan Gutierrez Gutierrez, and Juan Antonio Gutierrez Gutierrez.

(3)　The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)　Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b)(1).

(5)　<u>Element One</u>: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)　<u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasion(s):

    a. June 12, 2023
    b. December 27, 2010
    c. December 1, 2007

(7)　<u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on March 26, 2025 in Pasadena, Harris County, Texas, which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date

specified earlier in this paragraph. On March 27, 2025, LESC advised me that it had no record of such an encounter.

(8) <u>Element Four</u>: The Defendant did not have permission to re-enter the United States. On March 27, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History / Gang Affiliation</u>. The Defendant has the following prior criminal history and/or gang affiliation:

    a. On June 28, 2010, the Defendant, using the name Juan Antonio Gutierrez, was convicted in the 232rd Distrct Court in Harris County, TX for the offense of ABANDONING/ENDANGERING A CHILD WITH INTENT TO RETURN, under case 1268670. For this offense, a State Jail Felony, the Defendant was sentenced to 6 months confinement.

    b. On October 05, 2007, the Defendant, using the name Juan Antonio Gutierrez, was convicted in the 263rd Distrct Court in Harris County, TX for the offense of POSSESSION OF COCAINE LESS THAN ONE GRAM, under case 1135599. For this offense, a State Jail Felony, the Defendant was sentenced to 60 days confinement.

On March 27, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Celia Moyer ((832) 851-9370) accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b)(1).

Justin Vedder, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 27th day of March, 2025, and I find probable cause.

*Dena Palermo*

Dena Hanovice Palermo
United States Magistrate Judge
Southern District of Texas